## PAULSON, LINKROUN & CO. v. BIDWELL.

(Circuit Court of Appeals, Third Circuit. February 1, 1922.)

No. 2787.

Sales ⬤⟲182(1)—Issue in action by seller for breach of contract.

In an action by the seller for breach of a contract for the sale and purchase of cotton cops, to be delivered in installments, where defendant, claiming that the cops delivered were not of a size called for by the contract, or a size which could be used in his mill, refused to pay for the same, and also canceled the contract and refused to accept further deliveries as authorized in such case by a state statute, held, that plaintiff's right to recover depended solely on the question of fact whether the cops delivered complied with the requirements of the contract, and that such question was properly submitted to the jury.

In Error to the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Action at law by Paulson, Linkroun & Co., a corporation, against John A. Bidwell. Judgment for defendant, and plaintiff brings error. Affirmed.

David G. McConnell and Frank R. Savidge, both of New York City, for plaintiff in error.

Hutchinson & Hutchinson, of Trenton, N. J., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below the plaintiff, a corporate citizen of New York, brought suit against the defendant, a citizen of Pennsylvania, to recover damages for breach of contract. On trial, the jury found for defendant, and, on entry of judgment, plaintiff took this writ of error.

⬤⟲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

After a review of the record and consideration of the assignments, we find no error, and therefore affirm the judgment. The evidence in the case tended to prove that plaintiff contracted in writing with the defendant to sell and deliver 10,000 pounds of cotton cops, which latter are used in spinning, and which by the terms of the contract were to be "1¼ inches in diameter, 10 inches long." They were to be billed and shipped "May, June, and July, 1920, from mill." The contention of the plaintiff was that it delivered or tendered delivery of the cops contracted for, that defendant received, used, and refused to pay for those delivered, and declined to receive the balance. The contention of the defendant was that the cops delivered were not the cops contracted for, in that, instead of being 10 inches in length and an inch and a quarter in diameter, they were but 9 inches long and less than an inch in diameter, and that he was unable to use the latter size of cops in the shuttles in his mill. His contention is that he called the attention of the plaintiff to these facts, and, there being no substitution or offer to replace these cops with those of the correct size, he canceled the contract and refused to accept further deliveries.

The court below submitted the case to the jury in two different aspects. As to the cops delivered, there was a conflict of testimony; that produced by the defendant tending to show that a considerable part of them were not in compliance with the contract, while that of the plaintiff was that the cops were suitable for use, fulfilled the contract, and that defendant failed to prove any such examination of the delivered cops as would warrant the jury in finding they were not in accordance with the contract requirements. This issue of contract requirement and fulfillment the court submitted to the jury, saying:

"The question upon which you will decide this case will be whether there was substantial compliance with the contract, which called for cops 10 inches long and 1¼ inches in diameter. * * * Now, was that a compliance with the contract? This is the gist of this whole case. If it was not compliance with the contract, the plaintiff is not entitled to his money; if it was compliance with the contract, the defendant owes the money."

Upon this issue of fulfillment or nonfulfillment the jury found for the defendant. As to the later deliveries, which the defendant refused to receive, on the ground that the defective character of previous shipments justified him in repudiating the contract, the case fell within the provisions of the Sale of Goods Act of New Jersey (4 Comp. St. N. J. 1910, p. 4657, § 45, subd. 2), quoted in the margin.[1] If the verdict of the jury established the defective noncompliance of the previous installment, as in point of fact it did, then the applicable part of the court's charge was:

[1] "Where there is a contract to sell goods to be delivered by stated installments, which are to be separately paid for, and the seller makes defective deliveries in respect of one or more installments, or the buyer neglects or refuses to take delivery of or pay for one or more installments, it depends in each case on the terms of the contract, and the circumstances of the case, whether the breach of contract is so material as to justify the injured party in refusing to proceed further and suing for damages for breach of the entire contract, or whether the breach is severable, giving rise to a claim for compensation, but not to a right to treat the whole contract as broken."

"If those first shipped did not comply with the contract, then you would consider this further question with respect to the second shipment, if they did comply, and that is whether, because of the defect, if you should so find it, in the first shipment, the defendant was justified in repudiating the entire contract. If he were, irrespective of what the condition of the second lot was, then you would find for the defendant as to all counts."

This issue the jury also found in favor of the defendant. We find no fault either in the fact of submission or in the manner thereof. Contract performance was the issue on which the right of the plaintiff to recover depended, and nonperformance the fact on which the right of the defendant to defeat recovery turned. Therefore that issue was for the jury, and it remains only to inquire whether error was made by the court in its language in submitting it. The only error alleged which need be referred to is the omission of the court to embody in its charge a point of the plaintiff which read:

"The jury may inquire into the good faith of the defendant in rejecting the delivery of the yarn."

The court did not deny the point; it simply read it and others, and seems to have simply taken no action upon them. No exception was taken to such omission, and consequently there is no basis for an assignment of error.

But assuming, for present purposes, the assignment was based on a timely exception, we see no harm done the plaintiff by the omission of the court to so charge the jury. The issue, as we have said, was contract fulfillment or nonfulfillment. That was a fact. If the contract requirements were met, that was a fact which warranted recovery by the plaintiff; if they were not met, that warranted recovery by defendant. If they were met, the plaintiff was entitled to recover, even though the defendant acted in perfect good faith. If they were not met, the defendant was entitled to recover, without reference to any other element. Indeed, the issue was one of fact, namely, whether the cops met, or did not meet, contract requirements, and this issue, fairly submitted, the jury determined in defendant's favor.